IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| YELLOW TRANSPORTATION, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 05-1274-CV-W-HFS |
| RICHARD MARLAR, | ) ) | |
| Defendant. | ) ) | |

**ORDER**

Before the court are the motions of plaintiff[1], Richard Marlar ("Marlar"), to confirm an arbitration award (doc. 14); and to declare the appeal provisions of the arbitration agreement unenforceable. (doc. 15). Defendant, Yellow Transportation, Inc. ("Yellow"), seeks a preliminary and permanent injunction (doc. 18), as well as leave to file an amended answer to Marlar's first amended complaint. (doc. 28).

**Background Facts**

The parties in this case previously appeared before me in Case No. 03-1042. That action was commenced upon removal by Yellow, from the Circuit Court of Jackson County, Missouri. In the underlying state case, Marlar commenced an action against Yellow, his employer, and claimed age discrimination. After removal to this court, Yellow sought an order compelling the parties to resolve

---

[1]Litigation in this matter was initially commenced by Marlar, and for purposes of clarity and consistency, he will continue to be designated as the plaintiff in these proceedings.

the dispute through arbitration. By an order dated November 29, 2004, I found that the parties had entered into a valid agreement to arbitrate and that the dispute fell within the arbitration agreement[2].

From August 22, 2005, through August 26, 2005, the parties engaged in an arbitration proceeding. On October 3, 2005, at the conclusion of testimony, and evidence, the arbitrator determined that Marlar demonstrated by a preponderance of the evidence that Yellow discharged him and that his age was the determining factor in that decision. (Marlar's Motion for Leave to file First Amended Complaint: Ex. B; pg. 49). The arbitrator awarded Marlar $310,000, and left the record open for Marlar to file a motion seeking attorney's fees, expenses, and costs. (Id: pg. 50). Upon Marlar's motion for attorney fees and costs, by a decision dated January 13, 2006, the arbitrator awarded Marlar $230,598.40.

By letter dated October 14, 2005, Yellow advised Marlar of its decision to appeal the October 3rd award, and offered suggestions on choosing a second arbitrator to hear the appeal. On November 18, 2005, Marlar filed suit in the Circuit Court of Jackson County, Missouri, seeking an order confirming the arbitration award, and, alternatively, in the event an appeal by Yellow was permitted, Marlar sought the appointment of an arbitrator.

On December 22, 2005, Yellow commenced an action in this court, Case No. 05-1274, seeking a temporary restraining order, preliminary injunction, and permanent injunction. (doc. 2). Essentially, Yellow argued that Marlar's state case was barred by this court's order of November 29, 2004, which directed the parties to arbitration, and Yellow sought an order directing Marlar to proceed with a second arbitration regarding its appeal of the initial arbitrator's favorable decision

---

[2]Consistent with the purpose of arbitration, the action was dismissed without prejudice, so that in the event of further litigation the parties would appear before me.

for Marlar. Although I found no basis for temporary relief, and denied the motion for a temporary restraining order, I advised the parties that I would consider a preliminary injunction request when timely[3].

On December 30, 2005, Yellow removed the state action in which Marlar sought an order confirming the arbitration award. (Case No. 05-1293). Shortly thereafter, Marlar filed a motion requesting that the cases be consolidated, and by an order dated January 25, 2006, the motion was granted.

## Analysis

Marlar seeks confirmation of both arbitration awards pursuant to Mo.Rev.Stat.§ 435.400 which provides in pertinent part that:

> upon application by a party, a court shall confirm an award, unless within statutorily set time limits, grounds are set forth for vacating, modifying, or correcting the award

Grounds for vacatur are outlined in § 435.405, and include, *inter alia*, fraud, corruption, or other undue means. Marlar argues that inasmuch as Yellow failed to assert any statutory grounds for vacatur in its answer to Marlar's first amended complaint, he is entitled to confirmation of the awards.

Yellow counters that the Dispute Resolution Agreement ("the Agreement") entered into by the parties provides that both arbitration and the Dispute Resolution Process would be governed by the Federal Arbitration Act ("FAA") (Joint Stipulation of Facts: Ex. A). The relevant section continues by stating that if the FAA does not apply or is silent on the issue, then the provisions of

---

[3]Plaintiff was directed to seek either a stay or dismissal of the state court action during pendency of the instant action.

3

the Indiana Uniform Arbitration Act ("Indiana Code 34-57-2) would apply to the extent it does not conflict with the FAA. (Id). Yellow further argues that the Act permits confirmation of an arbitration award only when authorized by language in the Agreement, and Yellow contends that the Agreement contains no such permissive language. 9 U.S.C. § 9.

Before addressing the merits of the parties' contentions with respect to confirmation of the arbitral award, it must first be determined whether the application is properly before this court. Van Horn v. Van Horn, 393 F.Supp.2d 730 (N.D.Iowa 2005). Pursuant to 9 U.S.C. § 9, a party to an arbitration agreement may apply for judicial confirmation of an arbitral award if the parties, in their agreement, "have agreed that judgment of the court shall be entered upon the award...." Van Horn, at 740-41.

In support of its argument, Yellow relies on PVI, Inc. v. Ratiopharm GmbH, 135 F.3d 1252 (8th Cir. 1998). In PVI, the defendant moved for confirmation of an arbitration award pursuant to FAA, 9 U.S.C. § 9. While the procedural avenue in PVI differs from that at bar, I do not find it to be significantly distinguishable. The language of the Agreement expressly provides for governance under the FAA, which results in a similar analysis in both cases. The court in PVI held that the FAA provides that a party to an arbitration may apply to the court for confirmation of an arbitration award only "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration[4]." PVI, at 1253. The court in PVI also noted that

---

[4]In applying the finding of PVI, the court in Van Horn determined that the parties to an arbitration agreement "must have an express affirmative agreement providing for judicial confirmation of an arbitral award in order for a federal court to have confirmation authority under 9 U.S.C. § 9." Van Horn, 393 F.Supp.2d at 741.

See also, Milk Drivers, Dairy and Ice Cream v. Roberts Dairy, 294 F.Supp.2d 1050, 1055 (S.D.Iowa 2003) (in the Eighth Circuit, parties must have an *express affirmative agreement* providing for judicial confirmation of an award for a federal court to have authority under

4

"Nowhere in the relevant agreement did the parties to this case provide that a judgment of the court should be entered upon the award." Id. Thus, the court affirmed the denial of defendant's motion for confirmation. For similar reasons, plaintiff's motion at bar to confirm the arbitration appeal will also be denied by this court, in its capacity as a federal court. The PVI court left open enforcement by a state court–and presumably a federal court exercising diversity jurisdiction (and using conflict of laws rules to use the Indiana statute). The Agreement between the parties clearly provides that the FAA will govern arbitration; yet, the lack of the essential language deemed necessary to invoke confirmation under the FAA results in an inability of this court to confirm the award under the Act.[5]

Marlar claims that since he commenced this litigation by seeking confirmation in state court, under Missouri state law, the FAA is inapplicable. In PVI it was acknowledged that an action under state law might involve the application of different kinds of substantive rules and defenses. PVI, at 1254. However, the court also noted that the possibility of some other remedy was irrelevant to the question of whether a right exists under the FAA. Id.

Marlar also complains that the section of the Agreement providing for an appeal of the arbitral award before a second arbitrator should not be enforced because it is ambiguous and conflicts with other language in the Agreement. Specifically, Marlar points to that portion of the agreement which states that disputed claims, not excluded under the Agreement, would be resolved

---

section 9 of the FAA to enter judgment on the award); citing, Home Ins. Co. v. RHA/Pennsylvania Nursing Homes, Inc., 127 F.Supp.2d 482, 484 (S.D.N.Y. 2001) ("a federal court may not confirm an arbitration award *unless* the parties 'in their agreement have agreed that a judgment of the court shall be entered upon the award...'").

[5]Furthermore, the statement that the arbitration is final and binding is insufficient to make the award enforceable under the FAA. Milk Drivers, 294 F.Supp.2d at 1055.

"exclusively by final and binding arbitration....". The apparent purpose is to avoid court intervention as long as possible.[6]

Yellow contends that the issue of enforceability of the appeals provision is moot because the parties have since agreed to have retired Judge Robert Russell serve as the appeal arbitrator. Marlar apparently concedes this point for he does not dispute this contention. In any event, such a selection, although rare, seems consistent with the Agreement.

Accordingly, it is hereby

ORDERED that Marlar's supplemental motion to confirm additional arbitration award (ECF doc. 10) is DENIED and this case is, together with the consolidated case, DISMISSED with prejudice. It is further

ORDERED that Marlar's motion to confirm arbitration awards (ECF doc. 14) is DENIED as moot. It is further

ORDERED that Marlar's motion to declare the appeal provisions of the arbitration agreement unenforceable (ECF doc. 15) is DENIED as moot. It is further

ORDERED that Yellow's motion for preliminary and permanent injunction (ECF doc. 18)

---

[6] I note there is no provision for a third round of arbitration, so resort to state court may ultimately be possible, if needed.

is DENIED as moot. It is further

ORDERED that Yellow's motion for leave to file an amended answer (ECF doc. 28) is DENIED as moot.

                                                      /s/ Howard F. Sachs
                                                      HOWARD F. SACHS
                                                      UNITED STATES DISTRICT JUDGE

June 8, 2006

Kansas City, Missouri